STUART *against* HARKINS

IN ERROR.

*Philadelphia,
Saturday,
January 5.*

U PON a writ of error to the Common Pleas of *Phila-delphia* county, it appeared that the plaintiff had brought this action for slander; that it had been referred under the general issue to arbitrators, who reported in fa-vour of the plaintiff *one dollar* damages, *and costs;* and that the Common Pleas had, on motion of the defendant's coun-sel, ordered the judgment to be entered for *one dollar dama-ges*, *and one dollar costs.* The error was assigned in the judgment for costs, which it was said ought to have been rendered for *full* costs.

*If referees in an action of slander award to the plaintiff a sum under forty shil-lings, with costs, he is intitled to no more costs than damages. Secus, if they award full costs. This court has adopted the English rule, that although the court is bound by the statute, the jury is not, and they may give 10l. costs though they only give six pence da-mages.*

*Shoemaker* for the plaintiff argued, that although by the act of 27th *March* 1713, sec. 4., 1 *St. Laws.* 95., if a *jury* assessed damages in an action of slander in a sum under forty shillings, the plaintiff was intitled to no more costs than damages, yet the power of referees was not thus limited, they being judges both of the law and the facts; and this court had accordingly held in *M'Laughlin* v. *Scott*, (a) that where re-ferees find costs of suit, the party is intitled to full costs, although the sum awarded will not carry costs by law. That in addition to this, the act of assembly under which the re-ference took place, authorized the arbitrators to decide all matters in variance, which included costs.

*W. S. Biddle* and *M. Levy* contrà, contended that the

(a) 1 *Binn.* 61.

court ought not to extend the power of arbitrators under the recent acts of assembly, their operation being extremely severe upon the community; and that they ought to construe the award strictly, so that it should mean one dollar damages, and costs such as the law under these circumstances would give, that is to say, one dollar costs. This was the decision of the court below; and it was quite consistent with the language of the award upon a strict construction. The act of 1713 is explicit, that the plaintiff *shall not* recover more costs than damages; and the referees have no right whatever to violate the provision of the law. *Guier* v. *M'Faden* (a), *Walker* v. *Smith.* (b)

TILGHMAN C. J. This is an action of slander which was submitted to arbitrators, who made an award in favour of the plaintiff for one dollar damages, *and costs*, without saying how much. The court of Common Pleas entered judgment for one dollar damages and one dollar costs; and the plaintiff assigns for error that he was not allowed his full costs.

Our act of assembly of 27th *March* 1713 follows precisely the words of the statute 21 *James*, ch. 16. s. 6. In actions on the case for slanderous words, " if the jury upon trial of " the issue in such action, or the jury that shall inquire of the " damages, do find or assess the damages under forty shil- " lings, then the plaintiff or plaintiffs in such action, shall " have and recover only so much costs as the damages so " given or assessed do amount unto, without any further in- " crease of the same, any law &c. to the contrary in any wise " notwithstanding."

It is said in *Browne* v. *Gibbons*, *Salk.* 207., to be the re- solution of all the judges of the Kings Bench and Common Pleas, that though the court is bound by the statute, and cannot increase the costs where the damages are under forty shillings, yet the jury are not, and may give 10*l.* costs, and but 10*d.* damages. This construction was certainly founded upon a very subtle distinction, tending to defeat in a con- siderable degree, the intent of the statute. However, being directly in point, it was considered as settling the law, and

(a) 2 *Binn.* 587.        (b) 4 *Dall.* 389.

1811.

STUART
*v.*
HARKINS.

has accordingly been adopted by this court in construing our act of assembly. Verdicts have been frequently taken at *Nisi Prius* for damages under forty shillings and *full costs*, and in such cases, judgments have always been entered for full costs. But no case has occurred, like the present, where the jury neither found costs in a sum certain, nor *full* costs, which by reference may be reduced to a certainty, but only in general *costs*. I am not for extending the construction of the act of assembly beyond the adjudged cases; for I doubt very much the propriety of having extended it so far. Where the verdict finds *costs*, without mentioning how much, it should be intended such costs as are by law allowed in the case, to wit, costs to the amount of the damages, and no more. The present case is not the finding of a jury, but the award of arbitrators. Under an act of assembly in this case, which is a submission to arbitration by *agreement*, I consider them as the same. Judgment is given on the award in the same manner as if there had been a verdict.

But the plaintiff relies on the case of *M'Laughlin* v. *Scott*, 1 *Binn.* 61., where the award being for 91 dollars and 30 cents, and *costs of suit*, judgment was entered for *full* costs. That case arose on a different act of assembly of the 25th of *September* 1786, by which it is provided, that if any plaintiff shall bring an action in the Supreme Court, and shall not recover therein more than 50*l.*, such plaintiff shall not be allowed *any* costs of suit. When the arbitrators then made an award for *the costs of suit*, it could be intended nothing but the *full* costs, because the act did not restrain the amount of the costs, but took them away altogether. The case of *M'Laughlin* v. *Scott* appears to have been decided hastily,\* and on very little argument; but as it turned on a point not necessary to be now discussed, I shall make no further remark on it. In the case now before us, where the award was neither expressly nor by necessary implication, for costs to a greater amount than the damages, I am of opinion, that

\* The Chief Justice is undoubtedly correct in saying that this case was decided upon very little argument. It was in consequence of Mr. *S. Levy's* being told by the late Mr. Justice *Smith*, that the law was too well settled to admit of an argument. Mr. *Levy* then gave the case up, and the plaintiff took his judgment and execution for full costs.

1811.

STUART
*v.*
HARKINS.

the judgment of the court of Common Pleas was right, and should be affirmed.

YEATES J. The single question in this case is, whether on the award of referees in an action of slander, finding for the plaintiff *one dollar damages and costs*, the plaintiff is legally intitled to his full costs?

An act of assembly, passed 27th *March* 1713, 1 *Dall. St. Laws*. 97. sect. 4, directs that in all actions for slanderous words, where the jury shall assess the damages under 40*s*., the plaintiff shall have and recover only so much costs, as the damages so given or assessed do amount to, without any further increase of the same. It pursues the words of the statute of 21 *Jac*. 1. *c*. 16., under which it has been determined, that the jury are not bound by the statute, but may give 10*l*. costs, where they give but 10*d*. damages. 1 *Salk*. 207. See also *W. Jones* 196., 2 *Vent*. 36. Decisions upon the same principle have taken place in our courts. It has been very customary both at *Nisi Prius* and in the Circuit Courts, where juries in actions of slander have given a verdict for damages under forty shillings, in causes removed by defendants, or under 50*l*. in causes removed by plaintiffs, to inquire of them, whether they intended *to* find full costs, and where they have answered in the affirmative, the plaintiffs afterwards obtained their judgment for costs. It has been said, that where a jury finds *costs*, they must be supposed to find *full* costs. But this does not necessarily follow, because their words may be fully satisfied, by the plaintiff's recovering such costs, as are allowed by the act of assembly, viz. as much costs as damages. The same observation might be made, where the jury found beyond the damages six cents costs. But in a late case in the Western District at *Pittsburg*, where in slander damages were found under forty shillings, with six pence costs, this court decided, that the plaintiff was intitled to no more costs than damages; and in *Frederitze* v. *Odenwalder*, tried at *Nisi Prius* in *Northampton* county, the plaintiff in slander removed his cause to this court, and obtained a verdict for twenty-five dollars damages, with six cents costs. This court on argument, in *March* term 1799, held that he should not recover costs.

*M'Laughlin* v. *Scott*, 1 *Binn.* 61., which was cited on the argument, may readily be distinguished from this case. There to give effect to the finding of the referees, the court held themselves authorized to render judgment, that the plaintiff should recover costs. Their words were susceptible of no other construction, but it is not so here. I will at present neither affirm nor deny the authority of that case. It may probably undergo future examination. It certainly underwent little or no discussion. I have no note of it, neither is any to be discovered amongst the papers of the late Judge *Smith.* \*

It has moreover been objected, that the present case is not the assessment of damages by a jury, but the finding of referees, who are judges both of the law and fact. I see no weight in this objection. Under the old defalcation act of 1705, " the award or report of referees, made according to " the submission of the parties, and approved by the court, " and entered upon the record or roll, shall have the same " effect, and be as available in law as a verdict by twelve " men." I can discover no solid ground, on which referees under a rule of court, can claim an exemption from the obligations of positive laws. Verdicts and awards made to court, are placed upon the same footing precisely.

Upon the whole, I am of opinion, that the judgment of the court of Common Pleas has been correctly entered, and that their judgment be affirmed.

BRACKENRIDGE J. gave no opinion, having been engaged at *Nisi Prius* when the cause was argued.

Judgment affirmed.

---

\* The reporter recollects perfectly well, that after the decision of the court had been given, the late Judge *Smith* said, " the law has been set- " tled ever since the case in *Salkeld,*" probably referring to *Browne* v. *Gibbons,* 1 *Salk.* 206. But as this remark was not confirmed by any other judge, and the judgment had already been pronounced, the reporter, though he took a note of it, did not insert it in the report.