The opinion of the Court was delivered by
Gibson J.
There can be no doubt as to the power of the arbitrators, to give full costs : the question is, did they intend to do so? The principle of Stuart v. Harkins, (3 Binn. 321.) is right. Although the jury have power to give full costs, where the damages, in slander, are under forty shillings, yet an intention to do so ought clearly to appear: and therefore, a bare finding of “ costs,” without saying more, being equivocal, must be intended to mean, such costs as the act, operating on the subject matter, will allow. But “ costs of suit,” is much less ambiguous, and is, beside, inconsistent, with the description of those costs, which are allowed by the act; for though they are given on account of the suit, they 'are very different in amount, from the popular meaning of the term, “ costs of suit.” I can see no substantial difference of meaning between this term, and “ the costs of suit,” which would undoubtedly include the whole costs. The word “ cost,” being in the singular number, can, I apprehend, make no difference. Here it is impossible to affect not to understand the arbitrators ; and, as their meaning is clear, full costs must be allowed.
Tilghman C. J., was absent in consequence of illness.
Judgment affirmed.