*Coram.*—GIBSON, C. J., and ROGERS, HUSTON, TODD, and SMITH, J. J.

## Willet et uxor *versus* Seville.*

1. In actions of slander, arbitrators and juries are not restricted as to costs; where they find damages under forty shillings, they may find twenty cents damages, and full costs, or they may find that each party pay half of all the costs.

ARNOLD SEVILLE, by his guardian, Daniel Pennepacker, brought an action of slander in the Common Pleas of *Union county*, against Dr. Robert Willet, and Matilda, his wife. Arbitrators were chosen under the compulsory arbitration law, who filed an award of no cause of action, from which the plaintiff appealed. On the 24th of May, 1826, the case was tried, and the jury found a *verdict in favor of the plaintiff for five dollars damages, and that all the costs be equally divided between the parties, plaintiff and defendants.* Mr. Bellas, on behalf of the defendants, obtained a rule to show cause why judgment should not be entered for no more costs than damages. This rule the court discharged, and entered judgment according to the verdict.

The defendants sued out a writ of error, and in the Supreme Court assigned for error, that the verdict and judgment are for five dollars damages, and that all costs should be equally divided between the parties.

July 2, 1828, the Supreme Court affirmed the judgment, and said that arbitrators and juries were not restricted as to costs in cases of slander; where they found damages less than forty shillings, they may find twenty cents damages and full costs, or divide the costs between the parties.

* Inserted by special request.