## MOON v. LONG.

An award in slander, one dollar damages, and that defendant pay the costs, entitles the plaintiff to judgment for full costs.

IN error from the Common Pleas of Butler.

The case is fully stated in the opinion of the Court.

*Maxwell*, for plaintiff in error, cited 6 S. & R. 86.

*Stewart*, contrà: Act 1713; 3 Binn. 323.

BURNSIDE, J.—The action was slander, referred and tried under the compulsory arbitration act. The arbitrators awarded for the plaintiff "*the sum of one dollar damages, and that the defendant pay the costs.*" The counsel of the defendants obtained a rule on the plaintiff to show cause why the judgment should not be entered for as much costs as damages. This rule the Court made absolute, and this is the error assigned. The Act of the 27th March, 1713, § 4, Dunl. 581, Sm. L. 76, is a copy of the British statute of the 21 Jac. 1, c. 16, s. 6, which declares, "that in actions on the case for slanderous words, if the jury upon trial of the issue in such action, or the jury that shall inquire of the damages do find or assess the damages under forty shillings, then the plaintiff or plaintiffs in such action shall have and recover only so much costs as the damages so given or assessed do amount unto, without any further increase of the same." It is to be regretted, that the judges did not adhere to the letter of the statute in the first instance; but in England it was the resolution of all the judges of the King's Bench and Common Pleas, that although the Court is bound by the statute, and cannot increase the costs where the damages are under forty shillings, yet the jury are not, and may give £10 costs, and but ten pence damages: Browne v. Gibbons, Salk. 207; Hullock, Law of Costs, 38. That actions of slander of title are not within the statute: Palmer, 599. That for words in themselves not actionable, where the special damage occasioned by their publication is the only cause of action, the plaintiff is entitled to full costs of whatsoever amount the damages found or assessed may happen to be: Hullock, 32. So, in an action for slanderous words in themselves actionable, a substantive injury which would of itself be a sufficient ground of action, independent of the words, if alleged as a distinct fact and not as a mere con-

sequence of the words : any damages, however small, found upon a general verdict for the plaintiff, will entitle him to full costs : Hullock, 33. Where a matter was submitted to arbitration, the arbitrators had an inherent right in their office to award the costs of the suit referred to him : Ib. 414. It was upon this latter principle that Mr. Justice Smith decided in McLaughlin v. Scott, 1 Binn. 61 ; to which he would seem to have the full concurrence of Mr. Justice Yeates, in Stewart v. Harkins, 3 Binn. 324.

The subtle learning on this subject is to be found in Hullock's Law of Costs. Our provincial lawyers and judges were close followers of the British Courts. Out of their decisions on the English statute grew the Pennsylvania practice in all our Courts, as well as at Nisi Prius, followed by the Circuit Courts and Court of Common Pleas, and by all judges to this day where juries in actions of slander render a verdict under forty shillings, to inquire whether they intended to find full costs, and where they answer in the affirmative the plaintiff obtains a verdict for full costs and a judgment accordingly ; it being the duty of the Court to mould and enter the verdict in proper form as the jury intended it. On the question immediately before us, in the brief opinion of Mr. Justice GIBSON, in Gower v. Clayton, 6 S. & R. 85, the subject is treated in his usual masterly manner, and reduced to reason and common sense, and put upon the true ground without militating with the former decisions of this Court. There the arbitrators awarded in favour of the plaintiff, the sum of five dollars, with costs of suit : on the question whether the plaintiff was entitled to full costs, the Court say : "There can be no doubt as to the power of the arbitrator to give full costs ; the question is, did they intend to do so ? The principle of Stewart v. Harkins, 3 Binn. 321, is right. Although the jury have full power to give full costs where the damages in slander are under forty shillings, yet an intention to do so ought clearly to appear : and therefore a bare finding of ' costs' without saying more being equivocal, must be intended to mean such costs as the Act operating on the subject-matter will allow. But ' costs of suit' is much less ambiguous, and is, besides, inconsistent with the description of those costs which are allowed by the Act, for though they are given on account of the suit, they are very different in amount from the popular meaning of the term, ' costs of suit.' " I can see no substantial difference of meaning between this term and the " costs of suit," which would undoubtedly include the whole costs. Here it is impossible to affect not to understand the arbitrators ;

and as their meaning is clear, full costs must be allowed. Here the finding "and that the defendant pay the costs," is clear of all ambiguity, and shows the intention of the arbitrators as fully and as clearly as the "costs of suit." It includes the whole costs of the action; no one can read this award but must be satisfied of the intention of the arbitrators to give the plaintiff the costs of the action.

> The judgment is reversed, and judgment on the award for one dollar damages and full costs.