*Shunk* and *Alricks, for defendant.*

---

*Court of Common Pleas, Dauphin County, September* 15*th*, 1858.

## BROWN ET UX. *v.* ETTLA.

A board of arbitrators have the same power over costs as a jury; and, in an action for words spoken, if they award a sum less than 40 shillings and *costs*, the plaintiff shall recover no more costs than damages.

BY THE COURT.—On the 17th of August last an award was made, under the compulsory arbitration law, finding for "the plaintiff the sum of one dollar damages and costs." Under this award the plaintiffs have had their costs taxed in full, and the defendant has moved to have the taxation corrected by striking off all the costs as taxed except one dollar, and that judgment be entered that the plaintiff recover no more costs than damages. By the 4th section of the act of 17th March, 1713, it is provided in substance, that in actions for words, if the jury trying the cause or assessing the damages, shall assess the same under forty shillings, the plaintiff shall have and recover only so much costs as the damages so given or assessed do amount to, *without further increase of the same.* This is a translation of the British statute Jac. 1, c. 16, s. 6, under which it had been held, long previous to the passage of our act of Assemby, that although the court was bound by the statute, the jury was not, but might give £10 costs, where they gave but 10*d.* damages (see 1 Salk. 206, citing a case decided 5 Car. 1). So that we may fairly infer that the legislature of Pennsylvania intended that the jury should exercise the same power under our act. Numerous decisions in this State have fully recognized the authority in juries to control the question of costs, although the courts have occasionally lamented that it was ever yielded to them. It perhaps would have better effected the intention of the legislature to have decided in the outset that juries as well as courts were bound by the words of the act, and where the law had declared that there should be "*no further* increase" of the costs, they could not be given by any tribunal

[Brown et ux *v.* Ettla.]

whatever. The policy of the legislature was to put an end to small litigation by imposing costs on the winner, where it appeared he had harassed his neighbors with an action to recover trifling damages. The only question we are at liberty to investigate is, what did the referees intend by their award? It has always been held by the court that the intention to give costs must clearly appear where they are denied on account of the paucity of the damages; and although we might suppose the arbitrators in this case intended to give full costs, yet they have not clearly declared that intention, and the presumption is they knew how the law had been settled in Pennsylvania, and desired to conform to it by their award. We find the same words used by arbitrators in Stewart *v.* Harkness (3 Binn. 321). They awarded to the plaintiff one dollar damages and costs, and the Supreme Court unanimously decided that it meant one dollar costs. The chief justice there says: "Where the verdict finds costs, without mentioning how much, it should be intended such costs as the law allows in this case, to wit: costs to the amount of the damages, and no more." This decision is binding on us, unless it has been shaken or overturned by the tribunal that made it. So far from being repudiated, it is strongly confirmed in Gower *v.* Clayton (6 S. & R. 85), and is not questioned by Judge Burnside in Moon *v.* Long (2 Jones, 207). It is supposed by the authors of *Pennsylvania Practice*, p. 643, vol. i, that this last-mentioned case shakes the principle declared in Stuart *v.* Harkins; but as we understand Moon *v.* Long, it fully recognizes it, and reiterates what was personally stated by Chief Justice Tilghman, and also by Judge Gibson in Gower *v.* Clayton. All three of these cases arose on awards, and lay down this general rule for our guidance, that arbitrators had the same power over costs as juries, and no greater. Where they give less than forty shillings damages and merely add "and costs," the award must be construed to mean such costs as the law allows, to wit, no more costs than damages. Where the words used are "full costs" or "costs of suit," or "and the defendant pay the costs," expressions are unambiguous, and clearly show that the arbitrators intended to award full costs, and that intention can lawfully be carried into effect by taxing the costs *de incremento*. In this case judgment must be entered on the award for one dollar damages and one dollar costs, and the taxation of full costs corrected to correspond with such judgment by striking out all but the sum of one dollar costs. The execution must also be corrected to conform with this order.

*Herr, for plaintiff.*

*Bishop, for defendant.*