## Leitzel v. Romberger.

*Costs—Slander—Verdict for under forty shillings—Act of March 27, 1713.*
Under the Act of March 27, 1713, 1 Sm. Laws, 76, where, in an action of trespass for slander, the jury returns a verdict for plaintiff for $1, they may also impose all the costs upon the defendant.

Rule to set aside verdict. C. P. Schuylkill Co., March T., 1923, No. 60.

*George Reed* and *John McGurl*, for plaintiff.

*Roscoe Koch* and *Henry Houck*, for defendant.

KOCH, J., Nov. 12, 1923.—The jury rendered its verdict for $1 damages in the plaintiff's favor, but counsel immediately moved the court to ask the jury, before their discharge, "if they meant the costs to follow," and added that: "It is customary when a jury renders a verdict under forty shillings to inquire whether they intend to find the full costs, and, if they answer in the affirma-

tive, it is the duty of the court to mould a verdict in proper form as the jury intended." We then asked the jury, "Where do you intend to put the costs?" and the foreman replied, "On the defendant." The prothonotary was then directed to take the verdict, and it was taken and recorded: "Verdict for the plaintiff, with damages $1, and costs on defendant."

Plaintiff had not requested the court to charge the jury respecting costs before it retired to consider the case, and, of course, no reference was made to the costs. The act of assembly applicable to such cases was approved March 27, 1713, 1 Sm. Laws, 76. See 4 Purdon, 4403, pl. 3, as follows: "In all actions upon the case for slanderous words, to be sued or prosecuted by any person or persons in any court within this province, if the jury, upon the trial of the issue in such action, or the jury that shall inquire of the damages, do assess or find the damages under forty shillings, then the plaintiff or plaintiffs in such action shall have and recover only so much costs as the damages so given or assessed do amount unto, without any further increase of the same."

The statute would seem to indicate that the plaintiff cannot recover any more than $1, and Mr. Justice Burnside said in Moon v. Long, 12 Pa. 207: "It is to be regretted that the judges did not adhere to the letter of the statute in the first instance; but in England it was the resolution of all the judges of the King's Bench and Common Pleas that, although the court is bound by the statute and cannot increase the costs where the damages are under forty shillings, yet the jury are not, and may give ten pounds costs and but ten pence damages: Browne v. Gibbons, Salk. 207; Hullock, Law of Costs, 38." And after making further reference to English decisions, the justice said: "Out of their decisions on the English statute grew the practice in all our courts, as well as at nisi prius, followed by the Circuit Courts and Court of Common Pleas, and by all judges to this day, where juries in actions of slander render a verdict under forty shillings, to inquire whether they intended to find full costs, and where they answer in the affirmative, the plaintiff obtains a verdict for full costs and a judgment accordingly; it being the duty of the court to mould and enter the verdict in proper form as the jury intended it." In that case the award was $1 damages and that defendant pay the costs, and it was held that the plaintiff was entitled to judgment for full costs.

In Gower v. Clayton, 6 S. & R. 85, the verdict was for $5, with costs of suit, and it was held that the plaintiff was entitled to full costs.

In Willet v. Seville, 2 Grant, 388, it was held that a jury is not restricted as to costs in case of slander, and said: ". . . Where they found damages less than forty shillings, they may find twenty cents damages and full costs, or divide the costs between the parties."

But in Stuart v. Harkins, 3 Binney, 321, decided years before any of the foregoing, it was held that an award under forty shillings, with costs, entitled the plaintiff to no more costs than damages.

In Refowich v. Rice, 4 Pennypacker, 449, decided in 1884, there was an award in slander "in favor of the plaintiff for six cents damages and costs," and it was held that the award did not carry full costs; that the arbitrators' intent could not be inquired into after their award had been rendered. The Supreme Court ordered judgment to be entered only for six cents costs.

In the case before us, the usual practice, as required in Moon v. Long, 12 Pa. 207, was followed. The jury was inquired of concerning the costs, and they clearly stated that the defendant should pay them, and as the matter was

entirely within their control, their verdict cannot be disturbed, and the only inference that can be drawn from the facts as they are made to appear is that the jury intended that the defendant is to pay all the costs.

The rule to set aside is discharged, and the prothonotary is directed to enter judgment upon the verdict in the plaintiff's favor for the sum of $1 and all the costs.                                    From M. M. Burke, Shenandoah, Pa.