In an action of slander, it is enough if it be substantially alleged that the words were spoken of the plaintiff; an express averment of that fact is not necessary. To say of a married man " he " played with " *Mary Parkin-* " *son* in a fother " room, and *Robert* the second son of *Parkinson* belongs to" the plaintiff, is actionable.

BROWN *against* LAMBERTON.

IN ERROR.

ERROR to the Common Pleas of *Cumberland* county.

The declaration, which contained but one count, stated, that whereas *William Brown* the plaintiff was an upright and virtuous man, and was married and had a wife in full life, yet the defendant *Simon Lamberton*, intending to bring him into disgrace, and to cause him to suffer the punishment which the law inflicts upon the heinous crime of adultery, did falsely maliciously and wickedly utter and publish the fol-

lowing false scandalous and opprobrious *English* words, in the presence and hearing of divers good citizens of this commonwealth, " *William Brown played with Mary Parkinson in the fother room*," (meaning thereby that the said *William* had committed the heinous crime of adultery in the fodder room with the said *Mary*) " *and that he could prove it by Sally Davidson*," (meaning thereby that he the said *Simon* could prove by *Sally Davidson* that he the said *William* and *Mary* had committed the heinous crime of adultery) " *and that Robert the second son of Parkinson was belonging* " *to Brown*," (meaning thereby that the said *William* was the father of and did beget the said *Robert* the son of the said *Mary Parkinson* and *Richard Parkinson* her husband) " *and* " *that one or two of the other children was Brown's*," (meaning thereby that the said *William* was the father of, and did beget one or two of the other children of the said *Mary Parkinson* and *Richard Parkinson* her husband.)

The jury having found a verdict for the plaintiff, the defendant moved in arrest of judgment, 1. Because the defendant was not charged in the declaration with having spoken the supposed slanderous words in the declaration mentioned, *of and concerning* the said *William Brown* the plaintiff. 2. Because the words in the declaration mentioned were not actionable in themselves, and no special damage was laid; and the court below accordingly arrested the judgment.

*C. Smith* and *Duncan* argued for the plaintiff in error, that if it appeared upon the whole that the words were spoken of the plaintiff, it was sufficient without an express averment of the fact. In this case the declaration avers that the defendant intended to injure the plaintiff, and the plaintiff was actually spoken of by name; " *William Brown* played, &c." innuendo the *said William Brown;* and the jury have found that the words were spoken of the plaintiff, by finding a verdict for him. *Smith* v. *Ward* (a), *The King* v. *Lawley* (b). It is not like the case of *The King* v. *Alderton* (c), for there no mention was made in the body of the libel of the justices of *Suffolk*, against whom it was said to be directed. Here the words themselves denote the plaintiff, and had their applica-

1809.<br>——<br>BROWN<br>v.<br>LAMBERTON.

(a) *Cro. Jac.* 674.     (b) *Stra.* 904.     (c) *Say.* 280.

**1809.**

**BROWN**
**_v._**
**LAMBERTON.**

tion to any other _William Brown_ been proved, the defendant would have had a verdict. That the words impute the crime of adultery can hardly be doubted. The plaintiff is charged with playing with a married woman in a fodder room, and having children by her, which must mean adultery. Such words were held to be actionable even when the mildest interpretation prevailed. _Roote_ v. _Molyn_ (a).

_Watts_ for the defendant in error, contended that the introductory part of the declaration should contain an express averment that the words were spoken of the plaintiff; for otherwise it would not be necessary for the plaintiff to prove it. It was so ruled in _The King_ v. _Alderton;_ and the reason of that decision was given by Chief Justice _De Grey_ in _The King_ v. _Horne_ (b), that the innuendos could not supply the want of an averment in the introductory part, of the libel's being written of and concerning the justices of _Suffolk_, because if they could, they would be in addition to the former matter, and not merely explanatory of it, as they ought to be. So here the words are not averred in the introductory part to have been spoken of the plaintiff, but the first place in which they are made to bear on him is in the innuendo, which of course is not explanation, but new matter. Now nothing which would otherwise remain uncertain, can be reduced to certainty by an innuendo; _5 Bac. Abr._ 249.; and it being uncertain without the innuendo what _William Brown_ was intended, it remains so in spite of it. That the name accompanied the charge is nothing; for the question still recurs, was the plaintiff intended? And as it is not averred that he was, it does not follow from the verdict that any proof was given to that point. The _said William_ in the innuendo at most refers but to that _William_ of whom the defendant spoke, without shewing what _William_ it was. The words however are not actionable. They merely assert that the plaintiff played with a woman, which is no crime; and the only way in which they can be made to impute a crime, is by means of the innuendo.

TILGHMAN C. J. after stating the points, delivered the judgment of the court as follows.

_(a)_ 1 _Roll. Ab._ 66.          (b) _Cowp._ 687.

As to the first point, it is enough if it is substantially alleged that the words were spoken of the plaintiff. In many cases the words are spoken of the plaintiff in the third person; *he* did so and so. There it is necessary to aver that they were spoken *of* the plaintiff. But in the present instance, the plaintiff is named in the body of the words; *William Brown* played &c. It is objected that there might be another *William Brown;* but the declaration states that the defendant intending to injure the plaintiff, spoke those words, and the jury have found so; for if it had been another *William Brown,* the verdict should have been for the defendant.

As to the second point, the rule of law is that words shall be taken according to their natural import. The word *play* is used in various senses. There are many kinds of play, good and bad. Its meaning will be best known by the other words with which it is connected. Now, when it is said of a married man, that he *played* with a married woman in a fodder room, and had several children by her, there can be no doubt of the meaning. The jury have found, and in our opinion with great propriety, that the meaning was that adultery was committed.

The opinion of the Court is that the judgment of the Court of Common Pleas be reversed, and that judgment be entered for the plaintiff in error.

Judgment reversed.