## Chubb *versus* Gsell.

In an action of slander, the plaintiff cannot introduce evidence as to his good character until it has been attacked by the defendant.

Nor does the proof of circumstances under the general issue, which may have awakened suspicion of the plaintiff's guilt, in the mind of the defendant, open the door for testimony in support of his good character.

The case of Petrie *v*. Rose, 5 *W. & S.* 364, on that point overruled.

Error to the Common Pleas of *Dauphin county*.

This was an action of slander by John Gsell against Samuel Chubb, in which the declaration alleged that the defendant had charged the plaintiff with the larceny of a whip, the property of the defendant. To which the defendant pleaded "Not guilty." After the plaintiff had substantially proved the words as laid in the declaration, the defendant made the following offer :—

To prove, that at the time of the alleged speaking of the words laid in the plaintiff's declaration, the plaintiff and defendant had a dispute and quarrel in reference to a whip, and that the plaintiff had taken the whip and put it away under a claim of right, and that it being demanded of him by the defendant, he denied that he had it or knew where it was, and that it was afterwards obtained from the place where the plaintiff had put it, before the speaking of the words.

This was offered not for the purpose of showing that plaintiff was guilty of larceny, or by way of justification, but to disprove malice, in mitigation of damages; and also for the purpose of showing that if any such charge was made by the defendant, it was under a misapprehension of the facts, that the words were spoken.

This evidence was objected to by the plaintiff, but admitted by the court. And, after proving the matters contained in the offer, the plaintiff then called witnesses and offered to prove his general character for honesty and integrity. This was objected to by defendant's counsel, on the ground that no evidence had been given impeaching the character of the plaintiff, nor had any plea of justification been pleaded.

The court below (Pearson, P. J.) admitted the evidence on the authority of Petrie *v*. Rose, 5 *W. & S.* 364, remarking that but for that case it would have been excluded on general principles.

[Chubb v. Gsell.]

To this ruling the defendant excepted, and (*inter alia*) assigned the same for error in this court.

*Casey & Mumma*, for plaintiff in error.—The case of Petrie v. Rose, 5 *W. & S.* 364, was decided without examination and inadvertently. No authority is cited in the argument or opinion to sustain the ruling. The only cases favouring the doctrine at all, are King v. Waring, 5 *Esp. N. P. Rep.* 13; Ruan v. Perry, 3 *Caines' Rep.* 120; Townsend v. Graves, 3 *Paige* 435; Harding v. Brooks, 5 *Pick.* 244.

These cases have, however, been repudiated, both in England and in this country, by the later cases, Attorney-General v. Bowman, 2 *Bos. & P.* 532, note *a*; Cornwall v. Richardson, 1 *Ry. & M.* 305; Bamfield v. Massey, 1 *Campb.* 460; Dodd v. Norris, 3 *Id.* 520. In New York, in Fowler v. The Etna Fire Ins. Co., 6 *Cow.* 673; Haughtaling v. Kilderhouse, 2 *Barb.* 149; s. c. 1 *Comst.* 530; Shipman v. Burrows, 1 *Hall* 399; Gough v. St. John, 16 *Wend.* 646. In New Hampshire, Matthews v. Huntly, 9 *N. H. Rep.* 146; Dame v. Kenney, 5 *Foster* 318; 4 *Id.* 147; In Connecticut, Woodruff v. Whittlesey, *Kirby's Rep.* 60; Stow v. Converse, 3 *Conn. Rep.* 326; Humphrey v. Humphrey, 7 *Conn.* 116. In Kentucky, McGee v. Sodusky, 5 *J. J. Marsh.* 187. In Indiana, McCabe v. Platter, 6 *Blackf.* 495; *Id.* 155 and 50. In Alabama, Rhodes v. James, 7 *Ala. Rep. N. S.* 574. In Maine, Potter v. Webb, 6 *Greenl.* 14. In Maryland, Wagner v. Haldbruner, 7 *Gill* 296; 2 *Curt. C. C. Rep.* 548. In Pennsylvania, Nash v. Gilkeson, 5 *S. & R.* 352; Anderson v. Long, 10 *Id.* 55; Wilson v. Sproul, 3 *Penn. Rep.* 52; Flitchcraft v. Jenks, 3 *Whart.* 158; Leckey v. Bloser, 12 *Harris* 401; Zitzer v. Merkel, *Id.* 408; Porter v. Seiler, 11 *Id.* 424.

The opinion of the court was delivered by

STRONG, J.—In an action of trespass upon the case for slander, a plaintiff is allowed to insist upon more than compensation. The objects of the action are not only to recover damages for injury done to the plaintiff's reputation, but to punish the defendant for indulgence of his malice. It is obvious, that the actual injury sustained by the plaintiff, is neither magnified nor diminished by a greater or less degree of malice in the defendant. Yet a plaintiff has always been permitted to adduce evidence of malice beyond that which the slanderous words import. And this is avowedly done to enhance the damages. This increase of damages is punitive, not compensatory. With this, the reputation of the plaintiff has no concern. Evidence of his reputation is important only as affecting the measure of the compensation to which he is entitled. The injury is less when his character was bad. In a certain sense, therefore, the character (reputation) of the plaintiff in every such

[Chubb *v.* Gsell.]

action may be said to be put in issue. The plaintiff offers it to the attack of the defendant. The law presumes that it is good, but the defendant may traverse this presumption. Such a traverse is presented when the defendant offers evidence to show that it is bad. But until then, a plaintiff is not at liberty to adduce evidence to show that his character is good; for until it has been attacked, the law presumes, and the defendant admits, such to be the fact. Until then, the defendant has refused to accept the issue tendered. This is an almost universal rule, not only in this state, but in England, and in our sister states. Nor does the proof, which, under the general issue, may be given, of circumstances that may have awakened in the mind of the defendant a suspicion of the plaintiff's guilt, open the door for testimony in support of his good character. Evidence of such circumstances is received in mitigation of damages, not because it shows that the injury inflicted upon the plaintiff's reputation is any the less, but because it tends to disprove the existence of malice in the defendant. It is, of course, no answer to this, to prove that the plaintiff was of good repute. His reputation may have been untarnished, and yet the circumstances under which the actionable words were spoken may have been such as to indicate that there was very little malice in the defendant. It is, therefore, only where evidence has been given directly attacking the character of the plaintiff, that he is at liberty to introduce proof of his good reputation. It is true, that it seems to have been ruled differently in Petrie *v.* Rose, 5 *W. & S.* 364, but that was a minor question in the case, and was evidently ruled without much consideration. Reason, and the authorities generally, unite in excluding such evidence, except where the defendant, by an attack upon it, has rebutted the presumption which the law raises in favour of a good reputation.

It follows, that the court below erred in admitting the evidence mentioned in the first bill of exceptions. It was received upon the authority of Petrie *v.* Rose, which, the learned judge of the Common Pleas himself seemed to think, is in conflict with principle.

The other assignments of error require no consideration. They present questions which cannot arise upon another trial, if the plaintiff be not permitted to submit evidence of his good character.

The judgment is reversed, and a *venire facias de novo* awarded.