# Cullen, Appellant, *v.* Stough.

*Libel and slander—Slander—Evangelist—Public meeting—Reference to city official—Pleading—Words importing crime—Construction—Court and jury—Nonsuit.*

1. In a suit for slander the question whether the words as pleaded in plaintiff's statement are actionable is for the court to determine.

2. Where the statement of claim in an action for slander fails to aver that plaintiff was a public officer or that the words complained of were spoken of him in relation to his official position, the court, in determining the legal import of the words constituting the cause of action, must confine their sense to their application to plaintiff as a private citizen, and plaintiff cannot, without an amendment, enlarge their sense at the trial so as to make them apply to him as a public officer.

3. Under the procedure Act of May 25, 1887, P. L. 271, the plaintiff must set forth his cause of action in his statement with accuracy and precision, and the proofs at the trial must correspond.

4. In a suit for slander, differing from libel, words which do not impute a crime punishable by indictment, when spoken of a private person, are not actionable, although the words need not impute an infamous crime.

5. In an action for slander it is the duty of the pleader to aver clearly the crime intended to be imputed to the plaintiff, and it is not the province of the court to search for and group together the facts from different parts of the declaration to determine whether a crime may fairly be deduced.

6. When words charging a crime are qualified or explained at the time of speaking, so as to negative an indictable charge, they are not actionable.

7. In an action against an evangelist to recover for alleged slanderous words uttered at a public religious meeting, it appeared that defendant had said "if it were not for (plaintiff and three others, naming them) there would not be a house of prostitution open in this city to-night, there would not be a saloon open after midnight ......not a saloon would dare to open on Sunday......I lay the moral condition of Hazleton and the vicious things here at the foot

of these four." The statement of claim averred "that by virtue of said utterance he (plaintiff) is liable to prosecution for the violation of the penal and criminal laws." It was not alleged that any offense punishable by indictment was charged against plaintiff and no specific crime was mentioned. Plaintiff was superintendent of the Department of Public Safety, but there was no allegation that the alleged slanderous words referred to him in such capacity. *Held*, (1) the words complained of must be regarded as having been applied to plaintiff as a private citizen, (2) the words complained of cannot be construed as charging plaintiff with fornication or any other indictable offense, and (3) a compulsory nonsuit was properly entered.

Argued April 11, 1917.   Appeal, No. 66, Jan. T., 1917, by plaintiff, from order of C. P. Luzerne Co., Oct. T., 1914, No. 577, refusing to take off nonsuit, in case of William J. Cullen v. Henry W. Stough.   Before Brown, C. J., Mestrezat, Potter, Frazer and Walling, JJ.   Affirmed.

Trespass for libel.

Terry, P. J., filed the following opinion, sur plaintiff's motion to take off the nonsuit:

This is an action of trespass in which the plaintiff sought to recover damages for alleged slanderous words spoken of him by the defendant, an evangelist, at a public religious meeting in Hazleton.

The words complained of are as follows:

"Harry Jacobs is the man who runs your city.   Do you know him?   He runs the Arnold and Pilsen Heim breweries.   He is general manager and he is one of the bosses that runs Jim Harvey and things down at city hall.   He runs the whole bunch down there.   Harvey does not know it, but there may be some exceptions. This gang holds the situation and I tell you so to-night."

"Big Bill Cullen, he is another boss.   He is called the Commissioner of Public Safety, whatever that means. He tells saloonmen when it is safe to run."

"I will tell you another, one more of the bosses who run this city.   Little John Fierro.   Fear-o, Fear-o, they

fear him, no they don't. Fierro, that's it. He is the Twelfth ward boss, the man who runs two saloons, and who brings things through for license through booze and beer, though not through water like the other Fear-o's."

"The fourth is Max Friedlander, the wholesale liquor dealer. I want to lay it down that if it were not for Fierro, Cullen, Jacobs and Friedlander there would not be a house of prostitution open in this city to-night. If it were not for them, there would not be a saloon open after midnight. If it were not for them, not a saloon would dare to open on Sunday. There would not be a slot machine or a gambling den or a poker game in Hazleton by to-morrow night, if it were not for these four."

"I lay the moral condition of Hazleton and the vicious things here at the foot of these four. Let them take up the gauntlet, I have thrown it down. I charge them, with being responsible for the conditions here and I say they are the real mayor and chief and council and all other issues in so far as politics are concerned in Hazleton."

"You must break the strangle hold they have upon this city's throat if you officials can enforce the laws. I tell you what this city and old West Hazleton need to-night is cleaning and a quickening of conscience on the part of the citizens to get things so that you can have a clean city. I believe Jim Harvey does not know that he is being made a monkey of by these men, but I tell you that if you do not get together behind him and Turnbach, three months after Stough has gone, a monkey will be made out of Harvey again. You must stand back of him and help him to enforce the laws, or the three months' period will show that what I say will happen shall have come to pass.

"You must aid them or you will never break away the hold of the gang on the throats of the citizens of Hazleton. I tell you preachers the cue and you can start in right where I left off. I'll give you some more to-morrow night."

That the defendant uttered those words, or equivalent language, at the place mentioned was shown upon trial, and was not denied.

When the plaintiff rested we granted a nonsuit for the reason that the words, as pleaded in plaintiff's statement, were not actionable. That it is the duty of the court to decide such question is settled: Meas v. Johnson, 185 Pa. 12.

The plaintiff's right to recover must be ascertained, in the first place, from his statement of his cause of action. There is, therein, no averment that he occupied any official position, nor, in consequence, that the words complained of were spoken of him in relation thereto. While the affidavit to hold to bail, made by the plaintiff, set forth that he was the superintendent of the Department of Public Safety of the City of Hazleton, such averment was omitted from his statement of his cause of action. It follows that in determining the legal import of the words constituting the cause of action, their sense must be confined to their application to the plaintiff as a private citizen. The plaintiff could not, upon the trial, enlarge the significance of the words so as to make them refer to him as a public officer; that is, without an amendment for that purpose, which was not asked.

Ever since the procedure Act of May 25, 1887, P. L. 271, it is held that the plaintiff must, in his statement, set forth his cause of action with accuracy and precision: Fritz v. Hathaway, 135 Pa. 274; Newbold v. Pennock, 154 Pa. 591; McCready v. Gans, 242 Pa. 364. And the proofs must correspond: Stewart v. DeNoon, 220 Pa. 154; Perry v. Penna. R. R. Co., 41 Pa. Superior Ct. 591, (on page 609). And further, when by the introduction of testimony, not relevant under the pleadings, the plaintiff seeks to extend his cause of action such testimony will not be effective, in the absence of an amendment: Wilkinson Mfg. Co. v. Welde, 196 Pa. 508.

What significance then had the words declared upon

applied to the plaintiff as a private citizen? We thought, as expressed by us orally, when the nonsuit was entered that they imputed no crime punishable by indictment, without which in slander, differing from libel, they cannot be held actionable; and as the authorities are clear upon this point we have had no change of mind: Gosling v. Morgan, 32 Pa. 273; Meas v. Johnson, 185 Pa. 12. Other cases, showing how strictly the rule is applied, are: Lukehart v. Byerly, 53 Pa. 418; Harvey v. Boies, 1 P. & W. 12; Findlay v. Bear, 8 S. & R. 571; Stees v. Kemble, 27 Pa. 112; Evans v. Tiblins, 2 Grant (Pa.) 451; Stitzell v. Reynolds, 67 Pa. 54. The only qualification that has been made of this rule in this State is that the words uttered need not impute an infamous crime: Davis v. Carey, 141 Pa. 314.

The plaintiff's statement contains no allegation that the words spoken of him by the defendant imputed any crime. The only expression approaching it is the following detached sentence: "That by virtue of said utterances he (plaintiff) is liable to prosecution for the violation of the penal and criminal laws of the State of Pennsylvania, upon the charges made by the said Henry W. Stough." It was not alleged that any offense punishable by indictment was, by the defendant, charged against the plaintiff. Nor was a specific crime mentioned. It was held, in Hoar v. Ward, 47 Vt. 657, that it is not the province of the court to search and sift and group together from the different parts of the declaration the facts and circumstances and adjudge whether a definite crime may be fairly deduced, but that it is the duty of the pleader to aver clearly the crime intended to be imputed to the plaintiff.

The plaintiff's statement did not contain, as it should to afford a recovery, considering the generality of the defendant's language, an innuendo disclosing a charge of some indictable offense: Lukehart v. Byerly, 53 Pa. 418. It was held, in Colbert v. Caldwell, 3 Grant (Pa.) 181,

that when words charging a crime are qualified or explained at the time of speaking, so as to negative an indictable charge, which the court may perceive, and in view of which the judge would be bound to charge the jury were not actionable, he may properly award a nonsuit. See also, Pittsburgh, Allegheny & Manchester Pass. Ry. Co. v. McCurdy, 114 Pa. 554. The words uttered by the defendant, taken together, negative rather than affirm the idea that the plaintiff himself conducted any of the places, or committed any of the acts named.

Applying the foregoing principles to the plaintiff's case we think it is evident the nonsuit was properly entered. He had not pleaded that the words uttered by defendant were spoken of him as a public officer; nor had he specified any crime imputed to him. The most that can be said, accurately, of the meaning of the alleged slanderous words is that the plaintiff, as a private citizen credited with political influence, countenanced the existence of houses of prostitution and the other evils mentioned, instead of exerting that influence for their suppression. By no sound reasoning can it be inferred as claimed by plaintiffs counsel when the motion for nonsuit was being argued, that the defendant charged the plaintiff with fornication. Nor is any other criminal offense more clearly ascribed. Concede that upon every citizen there is imposed the moral obligation of exercising his influence for good, in his community, it does not result that his failure so to do makes him liable to indictment.

It seems clear to us that the words alleged against the defendant as slanderous were not actionable, and that consequently our disposition of the case was right.

The rule to strike off the nonsuit is discharged.

The court entered a compulsory nonsuit which it subsequently refused to take off. Plaintiff appealed.

*Error assigned* was in refusing to take off the nonsuit.

*John H. Bigelow*, with him *Abram Salsburg, F. A. McGuigan* and *John J. Kelley*, for appellant.

*Paul J. Sherwood*, with him *George H. Harris* and *R. W. Archbald*, for appellee.

PER CURIAM, May 14, 1917:

This judgment is affirmed on the opinion of the learned judge below, specially presiding, discharging the rule to strike off the nonsuit.