## Bailer v. Frankenfield.

*Slander—Allegata—Innuendo—Pleading—Plaintiff's statement—Practice Act of 1915.*

1. A plaintiff's statement of claim in an action of slander must contain an innuendo.

2. It is the duty of the plaintiff to aver the meaning in which he conceives the words were spoken, and it is for the jury to decide whether he is right.

3. The Practice Act of May 14, 1915, P. L. 483, does not apply to actions for slander.

Affidavit of defence raising questions of law. C. P. Lehigh Co., April T., 1922, No. 73.

*Gernerd & Boyle,* for plaintiff; *Dallas Dillinger, Jr.,* for defendant.

RENO, J., April 3, 1922.—The statement alleges that plaintiff is a married woman and that defendant uttered these words concerning her: "I can't see where Mr. Bailer has his eyes. That Italian banana man goes into her house and stays there for hours at a time. You are good for nothing and I can prove it. She is the biggest liar on two feet."

The meaning of these words is not averred by an innuendo or otherwise. The defendant contends that the words are not actionable, even though their meaning were averred.

Bailer *v.* Frankenfield.

If we were permitted to suppose that the words imputed the commission of a crime, *e. g.*, adultery, we should experience little difficulty in concluding that the words are actionable *per se:* Davis v. Carey, 141 Pa. 314; Brown v. Lamberton, 2 Binn. 34; Vanderlip v. Roe, 23 Pa. 82. But how, in the absence of an innuendo, can we determine this upon a demand for judgment for defendant on questions of law raised by his affidavit of defence, or by his answer, as it is called in the instant case?

The fact that certain words are actionable *per se* does not make an innuendo unnecessary. Words may be actionable *per se, i. e.*, actionable without averment of special damage, and yet their meaning must be averred. It is the duty of the pleader to aver clearly the crime intended to be imputed to plaintiff, and the court will not relieve him of that duty by searching for, sifting from and grouping together the various facts and circumstances alleged in the statement, and thus determine whether the commission of a crime has been imputed by the use of certain words: Cullen v. Stough, 258 Pa. 196. The statement is, therefore, defective in that particular. It must contain an innuendo, so that defendant and the court may be advised of the meaning which the plaintiff attributes to the words.

It is fair to say for plaintiff that she relied upon a line of cases, whereof Collins v. Dispatch Publishing Co., 152 Pa. 187, is the leader, which apparently hold that an innuendo is not necessary when the common understanding of mankind takes hold of published words and at once and without difficulty applies a libelous meaning to them. These authorities, however, as far as our research discloses, relate only to actions for libel. The Stough case is an action for slander, and is the latest pronouncement by the Supreme Court on the subject. Why there should be a distinction, if such distinction exists in this respect, between actions for slander and libel, it would probably be unprofitable to determine. "It is not worth while to be very learned in this kind of cases:" Walton v. Singleton, 7 S. & R. 449, per Justice Duncan. At any rate, even if the rule contended for applies to actions of slander, the words do not, in our opinion, so clearly and certainly impute the commission of a crime or are so entirely unsusceptible of more than one meaning (Com. v. Swallow, 8 Pa. Superior Ct. 539) that we can affirm that, as used in the statement, the common understanding of mankind would without difficulty apply a slanderous meaning to them. The principle of *mitior sensus* never found lodgment in the law of Pennsylvania, and, therefore, words will be interpreted and understood in the sense in which they were actually uttered: Hays v. Brierly, 4 Watts, 392; but it is, nevertheless, not only the right, but, as we understand it, also the duty of the plaintiff to aver the meaning in which he conceives they were spoken, and it is for the jury to decide whether he is right: Bornman v. Boyer, 3 Binn. 517. Indeed, since it is clearly and by all our authorities the duty of the jury to determine the truth of the innuendo under proper instructions of the court, we cannot understand how the innuendo may be dispensed with: Meas v. Johnson, 185 Pa. 12; Mengel v. Reading Eagle Co., 241 Pa. 367; Pittsburgh, Allegheny & Manchester Pass. Ry. Co. v. McCurdy, 114 Pa. 554; Price v. Conway, 134 Pa. 340; Collins v. Dispatch Publishing Co., 152 Pa. 187; Wallace v. Jameson, 179 Pa. 98.

The conclusion we have reached is that the words averred in the statement may, by the proper use of an innuendo, be made to impute the commission of a crime. We decline, therefore, at this time to declare that they are not actionable *per se*. For if we did so, we should be obliged to hold them not actionable merely because the innuendo is omitted, which, of course, would be carrying a requirement of the technique of pleading to an undesirable extent.

2 D. & C.

We shall, therefore, grant plaintiff an opportunity to file and serve an amended statement. As a matter of fact, we doubt whether we could enter judgment for defendant in any event. Although the point was not raised by either party, it is clear that the Practice Act of 1915 does not apply to actions of slander. Hence, the defendant should have filed a common law demurrer. The paper filed by him is called an answer, which is not in conformity with the Act of 1915 nor with common law procedure. While we have treated his answer as though it were in form a demurrer, we cannot go beyond that. There must be some point where even an indulgent judge must stop in his efforts to overlook infractions of the established course of procedure.

Now, April 3, 1922, this cause came on to be heard upon defendant's answer, and, upon consideration, it is adjudged that the demurrer be sustained and the plaintiff's statement is not sufficient in law to sustain this action; and it is further ordered that unless an amendment thereof be offered after notice to defendant's counsel and allowed by the court within fifteen days after service hereof upon the parties, that judgment be entered by the prothonotary upon præcipe of the defendant in favor of the defendant and against the plaintiff for costs.

From James L. Schaadt, Allentown, Pa.