## Leppley, Appellant, *v.* Smith.

*Slander—Charge of court—Damages—Nominal damages—Evidence.*

In an action of trespass sur slander, it is error to instruct the jury that the damages must only be such sum as would vindicate the plaintiff to show that he was not guilty of the offense charged by the defendant, and that they must not be so large as to materially injure the defendant, and that such damages for vindication were usually some nominal sum.

Where the alleged slanderous words were that the plaintiff stole a battery out of the defendant's car and substituted an old worn-out battery, the plaintiff was entitled to general damages. These damages are such as the law will presume to be the natural or probable consequences of the defendant's conduct. Such damages will be presumed where the words are actionable per se.

Words charging one with a criminal offense impair his reputation, if any he has, although no actual pecuniary loss has resulted. For that impairment and his lacerated feelings he is entitled to compensation, and to punitive damages, if the jury should find, under the evidence, an actual malicious intent to injure.

Where there has been no attack on plaintiff's reputation at the trial, he may not offer evidence of his good character.

Argued March 18, 1927. Appeal No. 58, October T., 1927, by plaintiff, from judgment of C. P. Lancaster County, February T., 1926, No. 41, in the case of Harry F. Leppley v. Harry M. Smith. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Reversed.

Trespass for slander. Before HASSLER, J.

The facts are stated in the opinion of the Superior Court.

Verdict for the plaintiff in the sum of six cents. Plaintiff appealed.

*Errors assigned,* among others, were various rulings on evidence, the charge of the Court, and refusal to grant a new trial.

*J. Andrew Frantz,* for appellant.

*G. T. Hambright,* and with him *John E. Malone,* for appellee.

OPINION BY GAWTHROP, J., April 22, 1927:

Plaintiff has appealed in an action for slander which resulted in a verdict for him for six cents. The statement of claim averred that he was engaged in the automobile repair business in the City of Lancaster; that defendant came into his place of business and said to him in the presence and hearing of others: "You stole a battery out of my car and put an old worn-out battery in," and that as a result thereof plaintiff not

only suffered general damages but that he lost the trade of "divers persons who used to have dealing and business with him in his lawful trade." The latter averment constituted a sufficient averment of special damages (Leitz v. Hohman, 16 Pa. Superior Ct. 276), and plaintiff would have been entitled to recover such damages if the proofs had warranted it.

Plaintiff testified that defendant uttered the slanderous words in the presence of a customer who was considering the matter of having the motor of his car "overhauled," but did not do so. He was asked by his counsel: "What would you have received if he had had that work done?" Defendant's objection was sustained. When one of plaintiff's witnesses, an automobile mechanic in his employ who was present at the same time and testified that when the slanderous remark was made there were customers in the garage who heard it, was asked: "Do you know what they wanted done?," defendant's objection to the question was sustained. These rulings are the basis of the second assignment of error. It is urged that the answers attempted to be secured by these questions were relevant and competent as tending to establish special damages. There is no merit in the contention, because there was no offer to prove that the prospective customers intended to have any work done by plaintiff and that the slanderous words of defendant were the cause of their failure to have him do it. Hence the ruling was not erroneous.

Plaintiff offered to prove by certain witnesses that his reputation for honesty had always been the best and that their business relations with him were satisfactory. The sustaining of defendant's objections to these offers is the subject of the third assignment of error. It is well settled in this jurisdiction that where at the trial of an action for libel or slander there has been no attack of any kind, open or covert, on plain-

tiff's reputation, evidence of his good character is not admissible: Burkhardt v. North American Co., 214 Pa. 39; Clark v. North American Co., 203 Pa. 346; Chubb v. Gsell, 34 Pa. 114. While the attack on plaintiff's character need not be direct and may be thrown into the jury box by abuse of cross-examination, by slur and insinuations of counsel (Clark v. North American Co., supra), an examination of this record discloses that there was no abuse of the right of cross-examination by counsel for defendant and no attempt by him to reflect upon the character of plaintiff.

The fourth, fifth and sixth assignments of error complain of the charge in respect to damages. The learned trial judge correctly instructed the jury that as the words alleged to have been used charged plaintiff with an offense involving moral turpitude and subjecting him to infamous punishment, he need offer no other evidence of actual damage, and that if the language testified to by plaintiff was uttered in the presence of others, he would be entitled to some damage at the hands of the jury. Then followed this: "It, however, must be only such sum as would vindicate the plaintiff, to show that he was not guilty of the offense charged by the defendant. They must not be so large as to materially injure the defendant. In cases of this kind damages for vindication are usually some nominal sum, but that is a matter for you. If you find that the defendant used the language ascribed to him by the plaintiff, then your verdict should be for the plaintiff in such sum as you think would vindicate the plaintiff." It is urged upon us that this instruction amounted to reversible error. After the fullest consideration, we are of one mind that this is true. Plaintiff's proof of the utterance of the slander charged entitled him to general damages, which are, "such as the law will presume to be the natural or probable consequences of the defandant's conduct. Such

general damages will be presumed where the words are actionable per se." Leitz v. Hohman, supra, citing Odgers on Libel and Slander (Bl. ed., \*239). Words charging one with a criminal offense impair his reputation, if any he has, although no actual pecuniary loss has resulted. For that impairment and for his lacerated feelings he is entitled to compensation: Palmer v. Pittsburgh Leader, 7 Pa. Superior Ct. 594; Woddrop v. Thatcher, 117 Pa. 340; and to punitive damages, if the jury should find, under the evidence, an actual malicious intent to injure: Stroud v. Smith & Son, 194 Pa. 502. The instruction that the damages must be limited to such sum as will vindicate the plaintiff, coupled with the statement that "damages for vindication are usually some nominal sum," amounts at least to a strong intimation that the jury ought to limit its verdict to a nominal sum. Nominal damages are properly awarded when the plaintiff has suffered nothing but a technical violation of a right. A verdict for such damages is sufficient to vindicate the plaintiff, that is, to justify his suit and free him of all suspicion of wrong. But it does not compensate for an injury that is substantial. It seems clear that an instruction that the damages must be only such sum as will vindicate the plaintiff was wrong because it did not permit the jury to award substantial damages, if, under the evidence, the jury should find that plaintiff suffered such damages. In Stitzell v. Reynolds, 67 Pa. 54, relied upon by appellee as justifying the charge, the court told the jury that while the damages ought to be such as to "vindicate the character of the plaintiff, they should not be so large as to injure, materially, the estate of the defendant." But they were told also that the damages ought to be sufficient to vindicate and *compensate* the injury sustained. That case is an authority which supports the contention of appellant rather than appellee.

The suggestion in the charge that in cases ''of this kind damages for vindication are usually some nominal sum'' was especially prejudicial to plaintiff because of the peculiar status of actions of slander in respect to the recovery of costs, fixed by the Act of March 27, 1713, Sec. 3 (1 Smith's Laws, 76; 4 Purdon, 4403), which reads: ''In all actions upon the case for slanderous words, to be sued or prosecuted, by any person or persons, in any court within this province, if the jury, upon the trial of the issue in such action, or the jury that shall inquire of the damages, do assess or find the damages under forty shillings, then the plaintiff or plaintiffs in such action shall have and recover only so much costs as the damages so given or assessed do amount unto, without any further increase of the same.'' In Moon v. Long, 12 Pa. 207, BURNSIDE, J., said in speaking of the practice under this statute that it is ''the Pennsylvania practice in all our courts, ...... and by all judges to this day where juries in actions of slander render a verdict under forty shillings, to inquire whether they intended to find full costs, and where they answer in the affirmative the plaintiff obtains a verdict for full costs and a judgment accordingly; it being the duty of the court to mould and enter the verdict in proper form as the jury intended it.'' We are not advised as to the practice in this respect in the County of Lancaster. But, be that as it may, we are of opinion that, in view of the suggestions in the charge in respect to nominal damages, the trial judge should have explained to the jury the effect of their verdict, if it were under forty shillings ($5.33 1/3), and should have ascertained the intention of the jury as to the disposal of costs; and that the failure so to do rendered the charge highly prejudicial to plaintiff.

The first assignment of error, complaining of the refusal to grant a new trial, and the fourth, fifth and

sixth assignments of error are sustained. The others are overruled.

The judgment is reversed and a new trial granted.