## Barre Supply Co. et al. v. J. Zabludoff & Sons, Inc.

*Carl B. Stoner*, of *Caldwell, Fox & Stoner*, for plaintiffs.

*H. Albert Lehrman*, for defendant.

Fox, P. J., March 3, 1941.—This is a case in which plaintiffs have brought their action for damages based upon alleged slanderous words used by a salesman for defendant. The alleged actionable words are contained in paragraph 7 of plaintiff's statement, which reads as follows:

"7. On or about May 10, 1939, a salesman of the defendant company, one Al Newfield, acting on instructions of the defendant company and with full knowledge of the company, did falsely, maliciously, wickedly and illegally represent that Harold Claster had told one Helen Deaven,

of Jonestown, Lebanon County, Pa., that it would be impossible for her to secure her beauty culture license from the Department of Public Instruction of the Commonwealth of Pennsylvania unless she, the said Helen Deaven, purchased all of her beauty parlor equipment from the Barre Supply Company through the said Harold Claster."

A demurrer to the statement has been filed by defendant in which are set forth a number of reasons, and paragraph 2 thereof sets forth:

"2. That the words claimed uttered by defendant in paragraph 7 of plaintiff's statement of claim are not actionable."

We shall first take up the question, viz: Are the words as used in paragraph 7 actionable?

In the case of Cullen v. Stough, 258 Pa. 196, it appears that the case was on trial and when plaintiff rested the court granted a compulsory nonsuit for the reason that the words as pleaded in the statement were not actionable. A rule was granted to show cause why the nonsuit should not be taken off; argument was had before the court and it refused to take off the compulsory nonsuit. The case was appealed to the Supreme Court and the court below was affirmed by a per curiam opinion. At page 200 the lower court said:

"We thought, as expressed by us orally, when the nonsuit was entered that they imputed no crime punishable by indictment, without which in slander, differing from libel, they cannot be held actionable; and as the authorities are clear upon this point we have had no change of mind: Gosling v. Morgan, 32 Pa. 273; Meas v. Johnson, 185 Pa. 12. Other cases, showing how strictly the rule is applied, are: Lukehart v. Byerly, 53 Pa. 418; Harvey v. Boies, 1 P. & W. 12; Findlay v. Bear, 8 S. & R. 571; Stees v. Kemble, 27 Pa. 112; Evans v. Tiblins, 2 Grant (Pa.) 451; Stitzel v. Reynolds, 67 Pa. 54. The only qualification that has been made of this rule in this State is that the words uttered need not impute an infamous crime: Davis v. Carey, 141 Pa. 314."

The case just cited is a stronger case than the instant one. We have not found, nor have we been pointed to, an opinion by the appellate courts which changes this doctrine as laid down in the quoted case.

See also Bailer v. Frankenfield, 2 D. & C. 157, and Newell on Slander and Libel (4th ed.), 83, 84, sec. 36.

Wherefore, we are of the opinion the alleged slanderous words are not actionable and the second reason of the demurrer, as above quoted, must be sustained and the action dismissed.

And now, March 3, 1941, upon due consideration, the demurrer to the statement is sustained and the action is dismissed.